SWALLOW *vs.* SWALLOW'S ADMINISTRATOR and others.

1. Under a testamentary direction, "that if either of testator's sons should die without leaving lawful issue, the *widow of the decedent* should receive one-third of the rents of the real estate devised to him by the will,"

&c., *held,* that the benefit of the provision not being restricted to a wife living at the time of the making of the will, or at testator's death, that person who was the wife at the time of the son's death was entitled to the rents.

2. An objection of non-joinder for want of a party defendant, taken at the hearing, will not lie where, so far as the complainant's rights are concerned, the interest of such party is represented by the defendants, and the presence of the absent party is not necessary to a decree against the objectors.

3. Where several persons liable for rents permit one of their number to take sole actual possession of the property charged with the rents, and use it, all are chargeable.

4. A question of fact is not reviewable on the re-hearing of a decree advised by the Vice-Chancellor, unless he certify that it should be re-heard upon the evidence.

On re-hearing.

*Mr. J. R. Emery,* for complainant.

*Mr. G. A. Allen,* for administrator.

THE CHANCELLOR.

This cause comes before me on a re-hearing of a decree made therein on the advice of the late Vice-Chancellor. The principal question is as to the construction of a provision of the will of Nicholas Swallow, deceased, by which he ordered and directed that if either of his sons should die without leaving lawful issue, the widow of the decedent should receive one-third of the rents of the real estate devised to him by the will, so long as she should remain his widow, and that after her decease the real estate given to such decedent should be equally divided among all the testator's children then living. Enoch, one of the testator's sons, died after the testator's death, leaving no lawful issue, but leaving a widow, the complainant. She, however, was not the wife of Enoch at the time of the making of the will, or at the testator's death. At both of those dates, Enoch's first wife was living. The defendants insist that the complainant is not entitled to the pro-

vision made for Enoch's widow by the section of the will above stated. I am of opinion that she is. The testator having given to his sons real estate in fee, directs that in case of the death of either of them without leaving lawful issue, the widow of the decedent shall have one-third of the rents of the real estate devised to him, and that after her death the property shall be equally divided among the testator's children then living. He evidently intended to provide by the devise in question, that the decedent's widow should have an equivalent to dower, notwithstanding the limitation over. It could not, of course, be ascertained until the death should have occurred, who would answer the description—who would be the widow. The provision is not declared to be in favor of any person living at the date of the will; nor is the language employed, to be so construed. The gift is not to the wife of the decedent, but to his widow, the person who should be his wife at the time of his death. Therein the case differs from those in which bequests have been made by a testator to his "beloved wife," (*Garratt* v. *Niblock*, 1 *Russ. & Myl.* 629,) or by a testatrix to the "husbands of her daughters," (*Bryan's Trust*, 2 *Sim.* (*N. S.*) 103 ; *Franks* v. *Brookes*, 27 *Beav.* 635,) in which the bequest has been held to be confined to the persons answering the description at the date of the will.

The objection of non-joinder is not well taken. The testator's other son, William, was not made a party to the suit. As far as the complainant's rights are concerned, the interest of William is represented by the defendants. *Sweet* v. *Parker*, 7 *C. E. Green* 453 ; *Voorhees' Ex'r* v. *Melick*, 10 *C. E. Green* 523. No defendant, except the administrator *cum testamento annexo* of the testator, objects on account of the absence of William as a party. His presence as a party is not necessary to the establishment of the complainant's right as against the administrator. Nor is there any error in the conclusion reached by the Vice-Chancellor as to the persons who are liable to pay the rent to the widow since she has been out of possession. Being out of possession, she is entitled to the one-third of the rents at the hands of those who had the right of possession,.

and who held the possession as against her. They will all be chargeable with the widow's share of the rent, notwithstanding the fact that only one of them had actual possession. If they permitted one of their number to take possession of the property, and use it, without account to them, they will, nevertheless, under the circumstances, be chargeable. As to the amount, that appears to have been fixed upon a correct principle. The account was properly brought down to the time of making the decree. The amount of the rents is a question of fact not reviewable on the re-hearing, the decree having been advised by the Vice-Chancellor. *Rule* 180.